

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00059-CR

ANTHONY TAMANHA RIOS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st District Court
Smith County, Texas
Trial Court No. 241-1551-12

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Anthony Tamanha[1] Rios entered an open plea of guilty to aggravated robbery, was convicted of the offense and sentenced to forty years' imprisonment. Rios' attorney on appeal[2] has filed a brief which states that he has reviewed the record and has found no issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Rios June 12, 2013, along with his motion to withdraw in this case and "the complete record." Rios' counsel also advised him that he had "a right to file any pro se brief that she [sic] may wish to file," and listed the deadline as July 7, 2013. The deadline for filing the pro se response has passed, and no response has been received.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545

---

[1]Rios' middle name is listed in the trial court's judgment as Tamanda. This is a misspelling which we correct by modifying the judgment below.

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

However, Rios' middle name is misspelled in the trial court's judgment as Tamanda. The record establishes that Rios' middle name is Tamanha. The Texas Rules of Appellate Procedure give this Court authority to modify judgments to make the record speak the truth when the matter has been called to our attention by any source. *See* TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.— Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)). We modify the judgment to reflect the correct spelling of Rios' middle name.

We affirm the trial court's judgment, as modified.[3]

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 16, 2013
Date Decided:       August 19, 2013

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.